NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3102

SHEILA A. BLOOM,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Sheila A. Bloom, of Annapolis, Maryland, pro se.

Gregg M. Schwind Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3102

SHEILA A. BLOOM,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  June 11, 2007

_____

Before MICHEL, <u>Chief Judge</u>, HOLDERMAN, <u>Chief District Judge</u>,[*] and  GAJARSA, <u>Circuit Judge</u>

MICHEL, <u>Chief Judge</u>.

Shelia A. Bloom petitions for review of the dismissal by the Merit Systems Protection Board ("MSPB" or "Board") of her Individual Right of Action ("IRA") appeal for lack of jurisdiction.  <u>Bloom v. Army</u>, DC-1221-05-0024-B-1 (M.S.P.B. Nov. 17, 2006). Because we find no error in the MSPB's ruling that Bloom failed to make non-frivolous allegations of protected disclosures despite ample urging to do so, we <u>affirm</u>.

_____

[*]    Honorable James F. Holderman, Chief Judge, United States District Court for the Northern District of Illinois, sitting by designation.

## I. BACKGROUND

Bloom has been employed by the United States Army Corps of Engineers (USACE) since 1986. Between 1996 and 1999, she served as a manager for the "Spring Valley" project in the Formerly Used Defense Sites Program. From 1999 and until 2001 Bloom was assigned to the U.S. Army Engineer District in Baltimore, Maryland. From 2002 until her retirement she worked in the Directorate of Strategy & Integration, Planning & Strategy Division in Washington, D.C.

In January 2004 Bloom filed a complaint with the Office of the Special Counsel ("OSC") alleging that she suffered reprisals in violation of the Whistleblower Protection Act ("WPA"), 28 U.S.C. § 2302, as a result of protected disclosures she made in connection with the "Spring Valley" project. Bloom alleged that she made four such disclosures: (1) between 1996 and 1999 she notified "senior leaders" in the Baltimore district office that the project was "seriously flawed," (2) in 2001 she informed the "Spring Valley team" that there were "major issues related to the project," (3) in 2002 she disclosed to Jane Mahoney, an attorney in the Justice Department, her "many concerns" about the project, and (4) in 2003 she informed Lieutenant Colonel Elliott and Lieutenant Colonel James of the USACE Inspector General's Office that she was being retaliated against for her whistleblowing on the "Spring Valley" project. In her OSC complaint, Bloom alleged that these disclosures resulted in ten specific reprisals by supervisors in the Directorate of Strategy & Integration between 2003 and 2004: (1) a letter of reprimand, (2) a charge of 3.75 hours of absence without leave, (3) refusal to change her job title from Facilitator to Strategic Planner, (4) denial of a request for reassignment, (5) referral to the Employee Assistance program, (6) move to a new

workstation, (7) denial of a request to attend facilitators' training, (8) denial of the opportunity to facilitate some meetings and workshops, (9) denial of a request for advance sick leave, and (10) a proposed 30-day suspension.

The OSC terminated its investigation into Bloom's complaint without taking any action and Bloom filed a timely IRA appeal with the MSPB pursuant to 5 U.S.C. § 1221(a). The Board vacated and remanded an initial ruling of the Administrative Judge ("AJ") dismissing the appeal for lack of jurisdiction to allow Bloom time to provide specific allegations of disclosures covered by the WPA and allegations that those disclosures were contributing factors to prohibited personnel practices. Bloom v. Dep't of the Army, DC-1221-05-0024-W-1 (M.S.P.B. Feb. 9, 2006). In lieu of providing such information, however, Bloom asked the AJ to dismiss her case without prejudice. This motion was denied. Instead, the AJ again dismissed the case for lack of jurisdiction. Bloom v. Dep't of the Army, DC-1221-05-0024-B-1 (M.S.P.B. Apr. 4, 2006). The initial decision became final on November 17, 2006 when the Board denied a petition for review. Bloom now petitions for review by this court.

## II. DISCUSSION

We have jurisdiction over appeals from the MSPB pursuant to 5 U.S.C. § 7703(b)(1). A decision of the MSPB must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986). Whether the Board has jurisdiction

over a particular matter is a question of law that this court reviews de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999).

**A**

On appeal, Bloom argues that her IRA appeal should, as she requested, have been dismissed without prejudice so it could be considered in conjunction with her district court litigation. Bloom v. Harvey, No. 05-1804 (D.D.C. filed Sept. 12, 2005).[1] However, we hold that the AJ did not abuse her discretion in refusing this request because an IRA claim can only be appealed to the MSPB. 5 U.S.C. § 1221(a) ("[A]n employee . . . with respect to any personnel action taken, or proposed to be taken, against such employee . . . as a result of a prohibited personnel practice described in section 2302(b)(8), [may] seek corrective action from the Merit Systems Protection Board."). Bloom further states that "[r]equests to move the IRA into Federal Court" were ignored by the AJ. This is untrue. Moreover, because the district court would not have had jurisdiction over her IRA appeal, the motion was properly denied. Certainly, no abuse of discretion was shown.

Bloom contends that judicial efficiency favors consolidation of the IRA appeal with her pending district court litigation. A dismissal without prejudice would only allow petitioner to refile with the Board at a later date. The MSPB has granted such dismissals where the petitioner so requests with the intention to refile. See, e.g., Zamot v. Merit Systems Protection Bd., 332 F.3d 1374, 1375 (Fed. Cir. 2003). The

---

[1] In her district court complaint, Bloom alleges that she was subjected to a hostile work environment, retaliation based on protected activity, sex discrimination and whistleblower discrimination in violation of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), the Civil Service Reform Act (5 U.S.C. § 2302) and the Whistleblower Protection Act (5 U.S.C. §§ 1211, et seq.).

opportunity to refile in this case would be fruitless, however, as Bloom has requested neither additional time nor the opportunity to refile at a later date, but merely wishes to consolidate her IRA appeal with her district court litigation, a result that is legally unavailable.

**B**

Bloom also appeals the Board's dismissal of her case for lack of jurisdiction. The MSPB has jurisdiction over an IRA appeal if the appellant who has exhausted her administrative remedies before the OSC makes "non-frivolous allegations" that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). See Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The AJ found that Bloom failed to make the required non-frivolous allegations.

A non-frivolous allegation of a protected disclosure requires that reading it, a disinterested observer with knowledge of the essential facts would reasonably conclude that "(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety" has occurred. 5 U.S.C. § 2302(b)(8); see also Lachance v. White, 174 F.3d 1378, 1380-81 (Fed. Cir. 1999). The vague nature of Bloom's alleged disclosures render them insufficient to demonstrate that any one of the statutory criteria for whistleblowing activities is met.

In addition, Bloom has not alleged that the disclosures she made were a contributing factor in any of the subsequent personnel actions. A non-frivolous

allegation is one that would lead a reasonable person to conclude that a disclosure was a contributing factor in one or more personnel actions. 5 U.S.C § 1221(e)(1); 5 U.S.C. § 2302(a); Yunus, 242 F.3d at 1370. A proper allegation should "demonstrate that the disclosure was a contributing factor in the personnel action through circumstantial evidence, such as evidence that—(A) the official taking the personnel action knew of the disclosure; and (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action." 5 U.S.C § 1221(e)(1). The personnel actions Bloom complains of were made by persons other than those identified in Bloom's OSC complaint as the individuals to whom she made alleged WPA disclosures. Bloom does not even allege that any of the supervisors who undertook the personnel actions identified in her OSC complaint knew of the disclosures that she made between 1996 and 2002. Further, the personnel actions identified in the OSC complaint occurred between 2003 and 2004, many years after the first alleged disclosure and almost one year after the final alleged disclosure to the Department of Justice.